IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| TAMMY WHEELER, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 9:22-CV-129 |
| | § | |
| BOARD OF REGENTS OF STEPHEN | § | |
| F. AUSTIN STATE UNIVERSITY, | § | |
| STEVE WESTBROOK, ED.D., | § | |
| INTERIM PRESIDENT | § | |
| OF STEPHEN F. AUSTIN | § | |
| STATE UNIVERSITY, AND | § | |
| STEPHEN F. AUSTIN | § | |
| STATE UNIVERSITY | § | |
| | § | |
| *Defendants* | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT STEPHEN F. AUSTIN STATE UNIVERSITY'S *PARTIAL* MOTION TO DISMISS [DOC. NO. 3]**

TO THE HONORABLE MICHAEL J. TRUNCALE:

Plaintiff., Tammy Wheeler ("Plaintiff"), files this Response to Defendant Stephen F. Austin State University's ("Defendant" or "SFA") *Partial* Motion to Dismiss Plaintiff's Original Complaint (Doc. No. 3) and would respectfully show the Court as follows.

**NATURE OF THE CASE AND PROCEDURAL BACKGROUND**

This is a case about unlawful employment practices at Stephen F. Austin State University. SFA, acting through the highest levels of its administration, unlawfully retaliated against Ms. Wheeler—a long-time SFA employee—after she reported racist comments and activities by her supervisor and because she requested disability accommodations.

SFA also discriminated against Plaintiff by denying her reasonable accommodations for her disabilities.

On September 6, 2022, Plaintiff filed suit against SFA.  Doc. No. 1.  Plaintiff pleaded three claims against SFA directly for unlawful retaliation in violation of Title VII (Doc. No. 1, Count Two); unlawful discrimination based on disability in violation of Chapter 21 of the *Texas Labor Code* (Doc. No. 1, Count Three); and unlawful retaliation in violation of Chapter 21 of the *Texas Labor Code* (Doc. No. 1, Count Four).

Plaintiff also filed suit against the voting members of SFA's Board of Regents and SFA's interim president under the *Ex Parte Young* doctrine.  Doc. No. 1, Count One.  Plaintiff's claims against the Board of Regents and the interim president seeks only prospective, equitable belief in the form of requiring them to implement real policies and procedures, practices, and training to insure compliance with state and federal employment laws.  *See id*.

On September 27, 2022, SFA appeared and filed the instant motion.  Doc. No. 3.

## STANDARD OF REVIEW

### *Motion to Dismiss under Rule 12(b)(1)*

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(1) challenges the subject matter jurisdiction of the federal district court.  *See* FED. R. CIV. P. 12(b)(1).  Rule 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. FED. R. CIV. P. 12(b)(1); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

When deciding a 12(b)(1) motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *accord Bonin v. Sabine River Auth. of Tex.*, 1:19-CV-00527, 2020 WL 614032, at *2 (E.D. Tex. Feb. 10, 2020).

## ARGUMENTS AND AUTHORITIES

As an initial matter, Plaintiff notes that SFA's motion is not a full motion to dismiss. SFA's motion is a *partial* motion to dismiss. SFA is only seeking to dismiss Plaintiff's claims under Chapter 21 of the *Texas Labor Code* ("Chapter 21"), Counts Three and Four, based sovereign immunity. *See* Doc. No. 3.

There is no dispute that Chapter 21 waives SFA's sovereign immunity in state court. *See, e.g.*, *Sullivan v. Texas A&M Univ. Sys.*, 986 F.3d 593, 599 (5th Cir.) (2021). The Fifth Circuit has, however, found that this waiver of immunity does not extend to federal court. *Id.*

Plaintiff recognizes that the Fifth Circuit's prior holdings are binding on this Court. Plaintiff, however, believes that the Fifth Circuit's application of Eleventh Amendment immunity in the context of Chapter 21 claims is flawed and ripe for review.

Moreover, SFA can waive its sovereign immunity and proceed in federal court. In fact, that happen in *Mahan v. DPS*. In this case, however, SFA has declined to waive sovereign immunity.

## CONCLUSION

While the Court must likely dismiss the Chapter 21 claims based on Fifth Circuit precedent, Plaintiff's other claims—Counts One and Two—remain pending.

Respectfully submitted,

**FRANKLIN LAW FIRM, PLLC**

_____

**Tanner G.M. Franklin**
Texas Bar No. 24082506
tfranklin@tfranklinlawfirm.com
2528 Highway 103
Etoile, Texas 75944

(936) 854-3213 — Telephone
(888) 430-2559 — Fax

**ATTORNEY FOR PLAINTIFF
TAMMY WHEELER**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument has been filed electronically in accordance with the rules of this Court on this the 11th day of October, 2022.

Benjamin S. Walton
Attorney-in-Charge
State Bar No. 24075241
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-936-1162
Fax: 512-320-0667
Benjamin.walton@oag.texas.gov

**Tanner G.M. Franklin**